UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>      v. )<br>          )<br>BRUCE GORDON HILL, )<br>      Defendants. )<br>          ) | CRIMINAL NO. 03-10344-DPW |

JOINT STATUS REPORT

In preparation for an Initial Status Conference pursuant to Local Rule 116.5 (A), the undersigned parties jointly submit the following Status Report:

1.    <u>Local Rule 116.3 Timing Requirements</u>

The parties do not request relief from the timing requirements of Local Rule 116.3

2.    <u>Expert Discovery</u>

The defendant requests expert discovery under Fed. R. Crim. P. 16 (a)(1)(E). To date, the government has not identified any topics as to which it anticipates offering expert testimony. The parties jointly recommend that the government be required to provide any expert discovery not later than 5 weeks before a firm trial date and that defendant provide any expert discovery not later than 3 weeks before a firm trial date.

3.    <u>Additional Discovery</u>

Neither party anticipates providing additional discovery as a result of future receipt of information, documents or reports. The government and the defendant recognize that their respective discovery obligations under Fed. R. Crim. P. 16(a) and 16(b) are subject to a continuing duty disclose pursuant to Fed. R. Crim. P. 16(c).

4.    <u>Motion Date</u>

The defendant may file motions pursuant to Fed. R. Crim. P. 12(b), but requires additional time to consider such filing. The parties jointly request the Court defer setting a filing schedule until the interim status conference.

5.      Speedy Trial Act Calculations

By separate filing, the parties jointly move for an order pursuant to Title 18, United States Code, Section 3161 (h)(8)(B)(ii), finding that this case is so complex, given the nature of the prosecution and the large volume of materials made available in discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and that the ends of justice warrant fixing a trial date that is not within the time limits established by the Speedy Trial Act, pursuant to Section 3161 (h)(8)(A).

6.      Anticipated Trial

It appears that this case will likely require a trial. The parties estimate approximately 20 trial days (approximately 18 days of evidence, plus one day for jury selection and opening statements and one day for closing statements).

7.      Interim Status Conference

The parties request that an interim status conference be scheduled for September 2004, or as soon thereafter as is convenient for the Court.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By:  /s/ Paul G. Levenson<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | BRUCE GORDON HILL<br><br>By: /s/ R ichard M. Egbert by P Levenson<br>Richard M. Egbert, Esq.<br>99 Summer Street<br>Boston, MA 02110<br>(617) 737-8222 |

dated: June 25, 2004