UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 03-10344-DPW |
| | ) | |
| BRUCE GORDON HILL, | ) | |
| Defendants. | ) | |

JOINT STATUS REPORT

In preparation for an Interim Status Conference pursuant to Local Rule 116.5 (A), the undersigned parties jointly submit the following Status Report:

1.   Outstanding Discovery Issues

In their Joint Status Report submitted on June 25, 2004, the parties previously informed the Court that they did not request relief from the timing requirements of Local Rule 116.3.

In the Court's Order and Initial Status Report, dated June 30, 2004, the Court ordered, "The parties shall complete discovery before September 30, 2004."

Defendant now requests that he be allowed until October 25, 2004, to submit discovery letter(s), if any, to the United States.

The United States opposes this request. The United States will continue to cooperate with defendant in making materials available. It is, however, the United States' position that the discovery letter process is done.

As noted in the parties initial Joint Status Report, the defendant has requested expert discovery under Fed. R. Crim. P. 16 (a)(1)(E). To date, the United States has not identified any topics as to which it anticipates offering expert testimony. The parties jointly recommend that the government be required to provide any expert discovery not later than 5 weeks before a firm

trial date and that defendant provide any expert discovery not later than 3 weeks before a firm trial date.

The United States notes that, in the event that there is to be a jury determination regarding calculation of loss in connection with the frauds charged in the indictment, the United States would expect to engage an expert to review loss issues. This issue turns on questions of substantive law that will likely be decided by the Supreme Court pursuant to its grant of certiorari in <u>United States v. Booker</u>, 2004 WL 1713654 (Aug. 2, 2004); <u>United States v. Fanfan</u>, 2004 WL 1713655 (Aug. 2, 2004).

2.  <u>Additional Discovery</u>

Except as noted above, neither party anticipates providing additional discovery as a result of future receipt of information, documents or reports. The parties have agreed to make such arrangements as may be necessary and mutually convenient, for the defendant to copy additional documents, should he choose to do so.

The government and the defendant recognize that their respective discovery obligations under Fed. R. Crim. P. 16(a) and 16(b) are subject to a continuing duty disclose pursuant to Fed. R. Crim. P. 16(c).

3.  Defendant does not intend to raise a defense of insanity or public authority.

4.  The United States has requested notice of alibi by the defendant. To date defendant has not responded.

5.  <u>Motion Date</u>

The defendant may file motions to sever, dismiss or suppress, or other motion requiring a ruling by the District Court before trial.

The parties previously requested the Court to defer setting a filing schedule until the interim status conference.

Defendant now requests that the Court convene an additional interim status conference on or about November 15, 2004, and that the Court wait until that conference to set a schedule for filing motions.

The United States asks that the Court set a date certain for the filing of defense motions. While the setting of the date should include a reasonable period for defendant to prepare any motions, the United States suggests that motions should be due not later than November 15, 2004, and that the Court schedule a Final Status Conference on or about that date.

6. <u>Scheduling of Other Matters</u>

A Second Superseding Indictment in this case having been returned on September 15, 2004, it will be necessary to arraign the defendant on that indictment.

A Final Status Conference will be necessary in this matter. As noted above, defendant requests that an additional Interim Status Conference be convened prior to setting any Final State Conference.

7. <u>Anticipated Trial</u>

The parties have previously discussed the possibility of an early resolution without trial. It appears that this case will likely require a trial.

8. <u>Speedy Trial Act Calculations</u>

The Court has previously granted the parties' joint motion move for an order pursuant to Title 18, United States Code, Section 3161 (h)(8)(B)(ii), finding that this case is so complex, given the nature of the prosecution and the large volume of materials made available in discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for

the trial itself within the time limits established by the Speedy Trial Act; and that the ends of justice warrant fixing a trial date that is not within the time limits established by the Speedy Trial Act, pursuant to Section 3161 (h)(8)(A).

9. <u>Length of Trial</u>

The parties estimate that trial in this case will require roughly 20 trial days (approximately 18 days of evidence, plus one day for jury selection and opening statements and one day for closing statements).

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By: /s/ Paul G. Levenson<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | BRUCE GORDON HILL<br><br>By: /s/ R ichard M. Egbert by P Levenson<br>Richard M. Egbert, Esq.<br>99 Summer Street<br>Boston, MA 02110<br>(617) 737-8222 |

dated:  September 21, 2004