UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) | |
| v. | ) | CRIMINAL NO. 03-10344-DPW |
| | ) | |
| BRUCE GORDON HILL, | ) | |
| Defendants. | ) | |

JOINT STATUS REPORT

In preparation for the Status Conference scheduled for November 22, 2004, pursuant to Local Rule 116.5 (C), the undersigned parties jointly submit the following Status Report:

1.   Outstanding Discovery Issues

In their initial Joint Status Report submitted on June 25, 2004, the parties previously informed the Court that they did not request relief from the timing requirements of Local Rule 116.3.

In the Court's Order and Initial Status Report, dated June 30, 2004, the Court ordered, "The parties shall complete discovery before September 30, 2004."

At the September 30, 2004, interim status conference, defendant requested that he be allowed until October 25, 2004, to submit discovery letter(s), if any, to the United States. The Court allowed that request.

Defendant has now filed a motion for Continuance, seeking an additional 30 days to review discovery material and prepare possible motions. The United States opposes that motion.

The parties have conferred and the United States has agreed to cooperate with defendant's proposal to send various items for copying (at defendant's expense) by a mutually acceptable copy service.

As noted in the parties' initial Joint Status Report, the defendant has requested expert discovery under Fed. R. Crim. P. 16 (a)(1)(E).  To date, the United States has not identified any topics as to which it anticipates offering expert testimony.  The parties jointly recommend that the government be required to provide any expert discovery not later than 5 weeks before a firm trial date and that defendant provide any expert discovery not later than 3 weeks before a firm trial date.

The United States notes that, in the event that there is to be a jury determination regarding calculation of loss in connection with the frauds charged in the indictment, the United States would expect to engage an expert to review loss issues.  This issue turns on questions of substantive law that will likely be decided by the Supreme Court pursuant to its grant of certiorari in <u>United States v. Booker</u>, 2004 WL 1713654 (Aug. 2, 2004); <u>United States v. Fanfan</u>, 2004 WL 1713655 (Aug. 2, 2004).

    2.    <u>Additional Discovery</u>

Except as noted above, neither party anticipates providing additional discovery as a result of future receipt of information, documents or reports.  The parties have agreed to make such arrangements as may be necessary and mutually convenient, for the defendant to copy additional documents, should he choose to do so.

The government and the defendant recognize that their respective discovery obligations under Fed. R. Crim. P. 16(a) and 16(b) are subject to a continuing duty disclose pursuant to Fed. R. Crim. P. 16(c).

    3.    Defendant does not intend to raise a defense of insanity or public authority.

    4.    The United States has requested notice of alibi by the defendant.  To date defendant has not responded.

5. <u>Motion Date</u>

In its Order and Initial Status Report dated September 30, 2004, the Court allowed defendant until November 15, 2004, to file motions to sever, dismiss or suppress, or any other motion requiring a ruling by the District Court before trial.

On November 15, 2004, defendant filed a request for continuance, seeking additional time in which to file motions. The United States opposes that request.

6. <u>Scheduling of Other Matters</u>

By its order dated September 30, 2004, the Court scheduled a Final Status Conference for November 22, 2004. Defendant now requests that an additional Interim Status Conference be convened prior to setting any Final State Conference.

7. <u>Anticipated Trial</u>

The parties have previously discussed the possibility of an early resolution without trial. It appears that this case will likely require a trial.

8. <u>Speedy Trial Act Calculations</u>

The Court has previously granted the parties' joint motion move for an order pursuant to Title 18, United States Code, Section 3161 (h)(8)(B)(ii), finding that this case is so complex, given the nature of the prosecution and the large volume of materials made available in discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and that the ends of justice warrant fixing a trial date that is not within the time limits established by the Speedy Trial Act, pursuant to Section 3161 (h)(8)(A).

9. <u>Length of Trial</u>

The parties estimate that trial in this case will require roughly 20 trial days (approximately 18 days of evidence, plus one day for jury selection and opening statements and one day for closing statements).

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By:  /s/ Paul G. Levenson<br>   PAUL G. LEVENSON<br>   Assistant U.S. Attorney<br>   John Joseph Moakley U.S. Courthouse<br>   1 Courthouse Way, Suite 9200<br>   Boston, MA 02210<br>   (617) 748-3147 | BRUCE GORDON HILL<br><br>By: /s/ R ichard M. Egbert by P Levenson<br>   Richard M. Egbert, Esq.<br>   99 Summer Street<br>   Boston, MA 02110<br>   (617) 737-8222 |

dated:  November 15, 2004