UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v.   ) | CRIMINAL NO. 03-10344-DPW |
| )<br>BRUCE GORDON HILL,   )<br>           Defendants.   )<br>  ) | |

JOINT STATUS REPORT

In preparation for the Final Status Conference scheduled for December 21 2004, pursuant to Local Rule 116.5 (C), the undersigned parties jointly submit the following Status Report:

1.   Outstanding Discovery Issues

The parties have completed discovery in this case, subject to their ongoing reciprocal obligations with respect to pre-trial disclosures.

As noted in the parties' initial Joint Status Report, the defendant has requested expert discovery under Fed. R. Crim. P. 16 (a)(1)(E).  To date, the United States has not identified any topics as to which it anticipates offering expert testimony.  The parties jointly recommend that the government be required to provide any expert discovery not later than 5 weeks before a firm trial date and that defendant provide any expert discovery not later than 3 weeks before a firm trial date.

The United States notes that, in the event that there is to be a jury determination regarding calculation of loss in connection with the frauds charged in the indictment, the United States would expect to engage an expert to review loss issues.  This issue turns on questions of substantive law that will likely be decided by the Supreme Court pursuant to its grant of certiorari in United States v. Booker, 2004 WL 1713654 (Aug. 2, 2004); United States v. Fanfan, 2004 WL 1713655 (Aug. 2, 2004).

2.  <u>Additional Discovery</u>

Except as noted above, neither party anticipates providing additional discovery as a result of future receipt of information, documents or reports.

The government and the defendant recognize that their respective discovery obligations under Fed. R. Crim. P. 16(a) and 16(b) are subject to a continuing duty disclose pursuant to Fed. R. Crim. P. 16(c).

3.  <u>Defenses</u>

Defendant does not intend to raise a defense of insanity or public authority.

4.  <u>Alibi</u>

The United States has requested notice of alibi by the defendant. To date defendant has not responded.

5.  <u>Motion Date</u>

Prior to the Final Status Conference, defendant will have submitted all pre-trial motions as contemplated under Local Rule 116.5(C)(5). The United States anticipates seeking additional time in which to file its response. Defendant assents to such request.

6.  <u>Scheduling of Other Matters</u>

The parties request a hearing with respect to Defendant's pre-trial motions.

7.  <u>Anticipated Trial</u>

The parties have previously discussed the possibility of an early resolution without trial. It appears that this case will likely require a trial.

8.  <u>Speedy Trial Act Calculations</u>

The Court has previously granted the parties' joint motion move for an order pursuant to Title 18, United States Code, Section 3161 (h)(8)(B)(ii), finding that this case is so complex,

given the nature of the prosecution and the large volume of materials made available in discovery, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and that the ends of justice warrant fixing a trial date that is not within the time limits established by the Speedy Trial Act, pursuant to Section 3161 (h)(8)(A).

9. Length of Trial

The parties estimate that trial in this case will require roughly 20 trial days (approximately 18 days of evidence, plus one day for jury selection and opening statements and one day for closing statements).

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney<br><br>By:  /s/ Paul G. Levenson<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | BRUCE GORDON HILL<br><br>By: /s/ R ichard M. Egbert by P Levenson<br>Richard M. Egbert, Esq.<br>99 Summer Street<br>Boston, MA 02110<br>(617) 737-8222 |

dated:  December 10, 2004