FILED
Clerk's Office
USDC, Mass.
Date 5-17-05
By MR
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| United States of America, | ) |
| | ) |
| | ) C.A. No. 03-10344-DPW |
| v. | ) |
| | ) |
| Bruce Gordon Hill, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.'S MOTION TO QUASH TRIAL SUBPOENA**

Yesterday, on May 16, 2003 at 3 p.m., counsel for Defendant Bruce Gordon Hill ("Mr. Hill") served a subpoena (the "Subpoena") on Thomas C. Frongillo, Esq., counsel for a trial witness, Chan Hong Saik ("Mr. Chan"), commanding attendance at trial today, May 17, by Attorney Frongillo at trial and production today of Attorney Frongillo's entire file regarding his representation of his client. Attorney Frongillo's client testified yesterday, on May 16, 2005. The Subpoena is quite broad, as it seeks, without restriction,

> "[a]ny and all files relating to Chan Hong Saik, including all correspondence with Government attorneys, including but not limited to attorneys for the SEC and the U.S. Attorneys Office."

See Exhibit A, Subpoena dated May 16, 2005.

Attorney Frongillo will produce, as requested, "all correspondence with the Government attorneys, including but not limited to attorneys for the SEC and U.S. Attorneys Office" regarding his representation of his client in this matter. With respect to "files relating to Chang Hong Saik", however, Attorney Frongillo will produce all files,

1

and documents within such files, only to the extent that responsive documents are not subject to the attorney-client privilege or not protected by the work-product doctrine. Attorney Frongillo respectfully requests that the Court quash the Subpoena with respect to documents and communications protected by the attorney-client privilege and the work-product doctrine.

## BACKGROUND

The Subpoena, which is quite broad and on its face seeks documents and testimony that are subject to privilege or otherwise protected from disclosure, arises out of a criminal trial proceeding. In that proceeding Attorney Frongillo's client, Mr. Chan, who has received immunity, testified at the request of the Government yesterday, May 16. Today, May 17, counsel for Mr. Hill will cross-examine. Yesterday, at 3 p.m., counsel for Mr. Hill served the Subpoena on Attorney Frongillo, seeking production of "any and all documents relating to" Attorney Frongillo's representation of Mr. Chan, including (but not limited to) "all correspondence with the Government attorneys, including but not limited to attorneys for the SEC and U.S. Attorneys Office." The Subpoena also commands him to appear and testify, presumably to the same degree as document production has been sought. Attorney Frongillo will produce all correspondence with Government attorneys, as requested; however, he has moved to quash the subpoena as to production of documents, and testimony, to the extent that defendant Hill seeks disclosure of attorney-client communications or materials and testimony subject to the protections of the work-product doctrine.

**ARGUMENT**

I.     **The Subpoena Should Be Quashed Because It Seeks Communications Between An Attorney And His Client Which Are Protected By The Attorney-Client Privilege.**

It is well established that the attorney-client privilege safeguards communications between lawyer and client and "encourages disclosures by client to lawyer that better enable the client to conform his conduct to the requirements of the law and to present legitimate claims or defenses when litigation arises." United States v. Massachusetts Institute of Technology, 129 F.3d. 681, 684 (1st Cir. 1997). The attorney-client privilege applies:

> Only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950). Moreover, "'it is ordinarily the attorney's obligation to claim the privilege on the client's behalf.'" Ken's Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 97 (D. Mass. 2002) (citation omitted). By the Motion to Quash, Attorney Frongillo is asserting the privilege.

In this case, communications between Attorney Frongillo and his client Mr. Chan are protected by the attorney-client privilege. See United Shoe Machinery Corp., 89 F.Supp. at 358-59. Specifically, Mr. Chan sought legal advice from Attorney Frongillo with respect to the Government's interest in Mr. Chan's knowledge about facts related to the present case, the grant of immunity and other matters, including his testimony in

3

court. Attorney Frongillo, acting in his capacity as a lawyer, communicated with Mr. Chan and provided him with legal services as requested. These communications were without the presence of strangers and were not for the purposes of committing a crime or tort. Moreover, the privilege has not been waived by Mr. Chan. As such, any documents related to these communications are protected by the attorney-client privilege. Further, any testimony sought from Attorney Frongillo pursuant to the Subpoena that relates to his communications with his client, Mr. Chan, must also be protected by the attorney-client privilege.

**II.    The Subpoena Should Be Quashed Because Documents Reflecting Attorney Frongillo's Mental Impressions, Thoughts And Strategies Must Be Protected Under The Work-Product Doctrine.**

The work product doctrine protects "'the files and mental impressions of an attorney… reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways' prepared in anticipation of litigation." In re Raytheon Securities Litigation, 218 F.R.D. 354, 357 (D. Mass. 2003) (citation omitted); Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). This doctrine applies to the documents and testimony sought pursuant to the Subpoena in this case.

Specifically, Attorney Frongillo's notes taken during Mr. Chan's deposition, notes taken during telephonic and in-person communications with Mr. Chan, memoranda of such communications, and notes and memoranda concerning Attorney Frongillo's review of documents relating to his representation of Mr. Chan, are protected by the work product doctrine. Those documents are at the heart of the lawyering process because they contain Attorney Frongillo's mental impressions, conclusions, opinions, or legal theories. Work product protection applies in the context of a criminal proceeding, at all stages of

4

the proceeding, including at trial. United States v. Nobles, 422 U.S. 225, 236, 239 (1975) (holding that the work product doctrine applies to criminal litigation as well as civil litigation).

The documents sought by the Subpoena that were prepared in anticipation of litigation and should not be produced in response to the Subpoena. See In re Grand Jury Subpoena, 220 F.R.D. 130, 146 (D. Mass. 2004) (holding that a document is eligible for protection as work product if it was "prepared or obtained *because of* the prospect of litigation.") (emphasis in original).

Finally, the work product doctrine applies in this case without qualification or exception. There is no substantial need whatsoever for Attorney Frongillo's mental impressions in this case. Mr. Chan will be cros-examined today. Furthermore, Attorney Frongillo's mental impressions are not relevant to the Government's claim against defendant Hill. See Upjohn v. United States, 449 U.S. 383, 401 (1981). No exceptions to the opinion work product doctrine apply in this case. Further, any testimony sought from Attorney Frongillo pursuant to the Subpoena that relates to his mental impressions, conclusions, opinions, or legal theories on behalf of his client, Mr. Chan, must also be protected by the work product doctrine.

## CONCLUSION

Accordingly, Mintz Levin seeks relief from the Subpoena by respectfully requesting that this Court protect documents that fall under the attorney-client privilege and the work product doctrine. Additionally, Mintz Levin asks this Court to prevent counsel for defendant Hill from seeking testimony that may probe information protected by the attorney client privilege and the work product doctrine.

WHEREFORE, Mintz Levin respectfully requests that this Court quash the subpoena with respect documents and testimony that pertain to communications between Attorney Frongillo and Mr. Chan and contain Attorney Frongillo's mental impressions, conclusions, opinions, or legal theories regarding Mr. Chan.

Respectfully Submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.


_____
Patrick J. Sharkey, BBO# 454820
M. Elizabeth Gomperz, BBO# 651115
MINTZ LEVIN COHN FERRIS
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
617-542-6000

Dated: May 17, 2005.

6

**CERTIFICATE OF SERVICE**

    I, M. Elizabeth Gomperz, served a copy of the foregoing on counsel of record, by hand, on this day, the 17th of May, 2005.

>Richard M. Egbert, Esq.
>99 Summer Street
>Suite 1800
>Boston, MA 02110
>
>Paul G. Levenson, Esq.
>Assistant U.S. Attorney
>U.S. Attorney's Office
>One Courthouse Way
>Suite 9200
>Boston, MA 02210

_____
M. Elizabeth Gomperz

LIT 1521223v1

Case 1:03-cr-10344-DPW    Document 46    Filed 05/17/2005    Page 8 of 9

05/16/2005 14:36 FAX 6177378223          RICHARD EGBERT                    ☒003/003

AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

                                        DISTRICT OF    Massachusetts

United States of America

V.                                      **SUBPOENA IN A
                                        CRIMINAL CASE**

Bruce Gordon Hill                       Case Number: 03-10344-DPW

TO:

Thomas C. Frongillo, Esq.
Mintz, Levin, Cohen
1 Financial Center
Boston, MA 02111

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| John Joseph Moakley United States Courthouse<br>One Courthouse Way<br>Boston, MA 02110 | 1, 3rd Floor |
| | DATE AND TIME |
| | 9:00 am 5/17/05 |

☐ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Any and all files relating to Chan Hong Saik, including all correspondence with the Government attorneys, including but not limited to attorneys for the SEC and U.S. Attorneys Office.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| (By) Deputy Clerk | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Richard M. Egbert, 99 Summer Street, Suite 1800, Boston, MA 02110  (617) 737-8222