UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                              No. 03-10344-DPW

BRUCE GORDON HILL

**DEFENDANT'S PROPOSED JURY INSTRUCTION**

Defendant, Bruce Hill, respectfully requests that this Court give the following instructions to the jury, in addition to the standard and general instructions.

1. **CREDITBILITY INSTRUCTIONS**

    A. **Credibility Of Witnesses – Immunized Witness** [Fr. 1A Fed. Practice and Instruction § 15.03 (5th Edition)]

    The testimony of an immunized witness, someone who has been told either that his or her crimes will go unpunished in return for testimony or that his or her testimony will not be used against him or her in return for that cooperation, must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government.
    Paul Savage and Chan Hong Saik are immunized witnesses in this case.
    You must determine whether the testimony of Mr. Chan and/or Mr. Savage have been affected by self-interest, or by the agreements they have with the government, or by his own interest in the outcome of this case, or by prejudice against the defendant.

    B. **Testimony Under Plea Bargain** [Fr. 1A Fed. Practice and Instruction § 15.03 (5th Edition)]

    You have heard evidence that Richard Vatcher has made a plea agreement with the government. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by the plea agreement and government's promise is for you to determine.

1

Mr. Vatcher's guilty plea cannot be considered by you as any evidence of Mr. Hill's guilt. Mr. Vatcher's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

**C.    Impeachment By Prior Inconsistencies** [Fr. 1A Fed. Practice and Instruction § 15.06 (5th Edition)]

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness are not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

You have heard evidence that before testifying at this trial, Mr. Chan, Mr. Levitt and Mr. Savage made statements concerning the same subject matter as testimony in this trial. You may consider their earlier statements to help you decide how much of their current testimony you believe. If you find that their prior statements were not consistent with their testimony at this trial, then you should decide whether that affects the believability of their testimony at this trial.

**II.    PERJURY** [Fr. 2A Fed. Practice and Instruction § 50.05 (5th Edition)

**A. Elements**

In order to sustain its burden of proof for the crime of perjury as charged in Counts eight (8) and nine (9) of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

One:    The defendant gave testimony under oath;

Two:    The defendant testified as alleged in Counts eight (8) and nine (9) of the indictment;

Three:  That testimony was false;

Four:   The defendant knew that his testimony was false;

Five:   The defendant gave his testimony willingly and contrary to his oath; and

Six:    The false testimony was material;

      Seven: The defendant testified under an oath administered by a qualified person in a proceeding for which a law of the United States authorizes the administration of an oath.

    **C. Willfully and contrary to such oath – defined** [Fr. 1A Fed. Practice and Instruction § 50.04 (5th Edition)]

To testify "willfully and contrary to such oath" means to voluntarily and deliberately give false testimony to avoid the known legal duty to testify truthfully.

**III.    AID AND ABET, 18 U.S.C. § 2** [Fr. 1A First Cir. Pattern Instr., § 4.18.02]

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>, that someone else committed the charged crime; and

<u>Second</u>, that the defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help [him/her], and [willfully] took part in the endeavor, seeking to make it succeed.

The Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done – that is to say with bad purpose, either to disobey or disregard the law.

**IV.    WIRE FRAUD, 18 U.S.C. § 1343** [Fr. 1A First Cir. Pattern Instr., § 4.18.1343]

    **A. Elements**

The defendant is charged with violating the federal statute making wire fraud illegal.

For you to find the defendant guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, a scheme, substantially as charged in the indictment, to defraud,

<u>Second</u>, the defendant's knowing and willful participation in this scheme with the intent to defraud; and

<u>Third</u>, the use of interstate or foreign wire communications, on or about the date alleged, in furtherance of this scheme.

"Interstate or foreign wire communications" include telephone communications from one state to another or between the United States and a foreign country.  The term also includes a wire transfer of funds between financial institutions.

A scheme includes any plan, pattern or course of action.  The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud.  They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision or the decision maker to whom it was addressed.

The defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.  Thus, if the defendant acted in good faith, he cannot be guilty of the crime.  The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probably consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment; and that the use of the wire communications facilities in interstate or foreign commerce on or about the date alleged was closely related to the scheme because the defendant either made or caused an interstate or foreign telephone call to be made in an attempt to execute or carry out the scheme.  To "cause" an interstate or foreign] telephone call to be made is to do an act with knowledge that an interstate or foreign telephone call with follow in the ordinary course of business or where such a call can reasonably be foreseen.

V.      **SECURITIES FRAUD (15 U.S.C. § 78j(b))** [Fr. Model Crim. Jury Instr. 9th Circuit (2003)]

   **A. Elements**

The defendant is charged in Count 1 of the indictment with securities fraud in violation of Section 78j(b) of Title 15 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

   First, the defendant used a device or scheme to defraud someone

   Second, the defendant's acts were in connection with the purchase or sale of stock;

   Third, the defendant used the mail or the telephone in connection with these acts; and

   Fourth, the defendant acted for the purpose of defrauding buyers or sellers of securities.

   To defraud someone means to make a statement or representation which is untrue and known to the defendant to be untrue [or knowingly to fail to state something which is necessary to make other statements true] and which relates to something important to the purchase or sale.

   It is not necessary that the untrue statement itself passed through the mail or over the telephone so long as the mail or telephone was used as a part of the purchase or sale transaction.

   It is also not necessary that the defendant made a profit or that anyone actually suffered a loss.

**B. Knowledge, Intent and Willfulness.** [Fr. Modern Fed. Jury Instr. § 57.03, Instr. 57-25]

The government must establish beyond a reasonable doubt is that the defendant participated in a scheme to defraud knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with intent to do something the law forbids, that is to say, with bad purpose either to discovery or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intend to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn there from.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No amount of honest belief on the part of a defendant that a scheme will (*e.g.*, ultimately make a profit for the investors) will excuse fraudulent actions or false representations by him to obtain money.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

The government may prove that the defendant acted knowingly and willfully in either of two ways. First, it is sufficient; of course, if the evidence satisfied you beyond a reasonable doubt that the defendant was actually aware he was (*e.g.* making or causing a false statement to be made).

Alternatively, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, unless, despite this high probability, the facts show that the defendant actually believed the statement to be true.

Knowledge and willfulness may be found from circumstances that would convince an average, ordinary person.  Thus, you may find that the defendant knew that the statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth.

If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true.  This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendant.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme and lacked the intent to deceive, you should acquit the defendant.

On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

**C.  The Use Of Any Means Or Instrumentality Of Interstate Commerce Or Of The Mails, Or Of Any National Securities Exchange – Defined.** [Fr. 2B Fed. Jury  Prac. and Instr. § 62.08 (5th edition)]

"The use of any means or instrumentality of interstate commerce or of the mails, or of any national securities exchange" is an essential element of the crime of securities fraud as charged in Count 1 of the indictment.

The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating…to such trade or commerce among the several states…"

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme.  It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use.

7

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

### D.  § 62.10 In Connection With The Purchase Or Sale Of Any Security – Defined [Fr. Id; § 62.10]

Count 1 of the indictment alleges certain types of fraudulent conduct "in connection with the purchase or sale of any security." The government must prove beyond a reasonable doubt, therefore, that there were purchases or sales or securities and that the "fraud or deceit" described in the indictment had some relationship to or was connected with these sales or purchases.

The government need not show, however, that the defendant or anyone associated with him bought or sold the securities in question.

### F.  Device, Scheme, Or Artifice To Defraud – Defined [Id., § 62.13]

A "device" is an invention, a contrivance, or the result of some plan or design.

A "scheme" is a design or a plan formed to accomplish some purpose.

An "artifice" is an ingenious contrivance or plan of some kind.

There is nothing about the terms "device", "scheme" or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

## VI.     PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT [Fr. First Cir. Pattern Instr., § 3.02]

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Bruce Hill, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crime(s) charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The Defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

**VII.    DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY** [Fr. First Cir. Pattern Inst., § 3.02]

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.