UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL No. 03-10344-DPW |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BRUCE GORDON HILL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the

Court give the following jury instructions, in addition to the Court's customary instructions

common to all criminal cases.  We reserve the right to supplement, modify, or withdraw these

requested instructions in light of the requests, if any, filed by the defendant and the evidence in

the case.


Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated:  May 20, 2005

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CONTENTS

Proposed instruction                                                                    page

1.    <u>Reasonable Doubt</u>                                                             1

2.    <u>Securities Fraud – Defined</u>                                                   3

3.    <u>Securities Fraud – First Element: Fraudulent Act</u>                             5

4.    <u>Securities Fraud – Second Element: Knowledge, Intent and Willfulness</u>        8

5.    <u>Securities Fraud – Third Element: Instrumentality of Interstate Commerce,</u>   11
      <u>Mails or National Securities Exchange</u>

6.    <u>Wire Fraud – Defined</u>                                                         13

7.    <u>Wire Fraud – First Element: Scheme to Defraud</u>                                14

8.    <u>Wire Fraud – Second Element: Intent</u>                                          15

9.    <u>Wire Fraud – Third Element: Interstate Commerce</u>                              16

10.   <u>False Statement to Accountant – Defined</u>                                      17

11.   <u>False Statement to Accountant – False Statement/Material Omission</u>            19

12.   <u>Perjury – Defined</u>                                                            20

13.   <u>Perjury– Intent</u>                                                              21

14.   <u>Intent and Motive</u>                                                            22

<u>GOVERNMENT'S REQUEST NO. 1</u>

<u>Reasonable Doubt</u>
(If reasonable doubt instruction requested by defendant)

The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant.   It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proven beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.  A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.  Of course, a defendant is never to be convicted on suspicion or conjecture.  If for example, you view the evidence in the case as reasonably permitting either of two conclusions -- one that a defendant is guilty as charged, the other that the defendant is not guilty -- you will find the defendant not guilty.  It is not sufficient for the Government to establish a probability, through a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by the proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict on it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think that there is a reasonable doubt about

1

whether the defendant is guilty of a particular offense, you must give the defendant the benefit of

the doubt and find the defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062 (1st Cir. 1997, aff'd on other grounds, sub nom.,
Muscarello v. United States, 524 U.S. 125, 118 S.Ct. 1911 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

Securities Fraud - Defined

The government has charged the defendant with the offense of Securities Fraud. The relevant statute is Title 15, United States Code, Section 78j(b).  It provides (in pertinent part):

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange . . .

"(b)     To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors."

Rule 10b-5 promulgated by the Securities and Exchange Commission reads as follows (in pertinent part):

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(a)     To employ any device, scheme, or artifice to defraud,

"(b)     To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or;

3

"(c)     To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

A willful violation of these provisions is a crime.

Adapted from: Modern Federal Jury Instructions Criminal, No. 57-19 at 57-67; 2 E. Devitt and C. Blackmar, Federal Jury Practice and Instructions (hereinafter "Federal Jury Practice and Instructions") §52.06 at 839-840 (4th Ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

Securities Fraud – First Element: Fraudulent Act

The first element of the Securities Fraud offense that the government must establish

beyond a reasonable doubt is that in connection with the purchase or sale of Inso stock, the

defendant did any one or more of the following:

(1)    Employed a device, scheme or artifice to defraud; or

(2)    Made any untrue statement of a material fact or omit to state a material
       fact necessary in order to make the statements made, in light of the
       circumstances under which they were made, not misleading, or;

(3)    Engaged in an act, practice or course of business that operated, or would
       operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to establish all three types of unlawful conduct in

connection with the sale or purchase of Inso stock.  Any one is sufficient for a conviction, if you

so find, but you must be unanimous as to which type of conduct the defendant agreed to engaged

in.

A "device, scheme, or artifice to defraud" means the forming of some invention, plan or

design to trick or to deceive in order to obtain money or something of value.  The words "fraud"

or "defrauding" mean to trick, deceive, injure, or damage in some way.

A statement, claim or document is "fraudulent" if it is false when it was made, or if it

was made with reckless indifference as to its truth or falsity, and made or caused to be made with

an intent to deceive.  A deceitful statement of half truths or the concealment of material facts

may also constitute fraud under the statute, if such omission or concealment was intended to be

misleading.

5

The fraudulent or deceitful conduct alleged need not relate directly to the investment value of the securities involved in this case. Nor must defendant have actually participated in any securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale of Inso stock.

The "in connection with" aspect of this element is satisfied if you find that there was some relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its start or played only a minor role, or had with no contact with investors in Inso stock. It is sufficient if the defendant engaged in a scheme or fraudulent conduct that involved the purchase or sale of Inso stock. By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.

If you find that the government has established beyond a reasonable doubt that a statement was false or fraudulently omitted, you must next determine whether the fact misstated was material under the circumstances. A material fact is one that would have been significant to a reasonable person's investment decision. Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the law protects the gullible and unsophisticated as well as the experienced investor.

6

It does not matter whether the alleged unlawful conduct was successful or not, or whether a defendant profited or received any benefits as a result of the alleged scheme. Similarly, the government is not required to prove that the victim or victims of the fraud were actually defrauded. It is enough to prove that the defendant engaged in such a scheme to defraud.

Success or a benefit is not an element of the crime charged. However, if you find that a defendant did expect to benefit from the alleged scheme, you may consider that in relation to the third element, intent, which I will discuss in a moment.

Adapted from: Modern Federal Jury Instructions, No. 57-22 at 57-77; (1995); Federal Jury Practice and Instructions, §52.13 at 864, §52.15 at 870 and §16.08 at 585.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

Securities Fraud – Second Element: Knowledge, Intent and Willfulness

The second element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with the intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

8

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and thus lack of good faith beyond a reasonable doubt.

Even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, a belief by the defendant that ultimately everything would work out so that no one would lose any money does not require you to find that he acted in good faith. No amount of honest hope or expectation on the part of a defendant that Inso stock would continue to rise in price and make a profit for investors will excuse fraudulent actions, statements or omissions, if you find that those occurred.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew his conduct was calculated to deceive and nonetheless participated in the alleged fraudulent scheme.

The government may prove that the defendant acted knowingly and willfully in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making or causing a false statement to be made. Alternatively, a defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, unless the facts show that the defendant actually believed the statement to be true.

9

Knowledge and willfulness may be found from circumstances that would convince an average, ordinary person.  Thus, you may find that the defendant knew that a statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth.  That is to say, the defendant willfully made himself blind to the fact in question.  It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference if any, should be drawn.  However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.

To conclude on this element, if you find that the defendant did not knowingly participated in the scheme or that he lacked the intent to deceive, you must acquit the defendant.


On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that the defendant acted with the intent to defraud, and if the government establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.


Adapted from: <u>Modern Federal Jury Instructions</u>, No. 57-25 at 57-94; <u>First Circuit Pattern Jury Instructions</u>, 2.14 ("'Willful Blindness' as a Way of Satisfying 'Knowingly'").

10

<u>GOVERNMENT'S PROPOSED INSTRUCTION NO. 5</u>

<u>Securities Fraud – Third Element: Instrumentality of Interstate Commerce,</u>
<u>Mails or National Securities Exchange</u>

The third essential element of Securities Fraud is that the defendant agreed to used or caused "the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange" in furtherance of the fraudulent conduct.

The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating . . . to such trade or commerce among the several states . . ."

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including air travel, the mails, the telephone system, facsimiles, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce, or personally used the mails, or personally used a national exchange, or even that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove that the defendant participated in a scheme that set forces in motion which foreseeably resulted in such use. When a person acts with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

11

Nor is it necessary that items sent through the mails, or by telephone or facsimile contain the fraudulent material, or anything criminal or objectionable.  The matter sent may be entirely innocent.

The use of the mails, or instrumentalities of interstate commerce or the facilities of a national securities exchange need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use bear some relation to the object of the scheme or fraudulent conduct.

Adapted from: Federal Practice and Jury Instructions, §52.08 at 848; and Modern Federal Jury Instructions, No. 57-26 at 57-98.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Wire Fraud – Defined

The government has charged the defendant with conspiring to commit the offense of

Wire Fraud.  The relevant statute is 18 U.S.C. §1343, which provides in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud,
> or for obtaining money or property by means of false or fraudulent pretenses,
> representations, or promises, transmits or causes to be transmitted by means of
> wire, radio, or television communication in interstate or foreign commerce, any
> writings, signs, signals, pictures, or sounds for the purpose of executing such
> scheme or artifice, shall be [guilty of an offense].

The United States must prove the following elements to sustain a wire fraud charge:

(1)     That there was a scheme, substantially as charged in the indictment, to defraud or
        to obtain money or property by means of false or fraudulent pretenses regarding a
        material fact;

(2)     That the defendant knowingly and willfully participated in that scheme with the
        intent to defraud; and

(3)     That the defendant used, or caused the use of, interstate wire communications, on
        or about the dates alleged, in furtherance of the scheme.

Pattern Jury Instructions of the First Circuit, Criminal, Instruction No. 4.13 (1998); Neder v.
United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal
mail fraud, wire fraud, and bank fraud statutes.").

13

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Wire Fraud – First Element: Scheme to Defraud

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

To satisfy its burden of proof that a fact or matter is "material," the government is not required to show that the fact or matter in fact influenced or deceived the decisionmaker to whom it was addressed. Rather, a fact or matter is "material" if it has a natural tendency to influence or is capable of influencing the decisionmaker to whom it is addressed.

Pattern Jury Instructions of the First Circuit, Criminal, Instruction No. 4.13 (1998).

14

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 8

Wire Fraud – Second Element: Intent

A person acts "knowingly" if he . . . was conscious and aware of his. . . actions, realized what he . .  was doing or what was happening around him . . .  and did not act because of ignorance, mistake or accident."

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or to bring about some financial gain to oneself.

Pattern Jury Instructions of the First Circuit, Criminal, Instruction No. 4.13.

15

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

Wire Fraud – Third Element: Interstate of Foreign Commerce

The government must show that the defendant in the fraud scheme expected to use interstate or foreign wire communications in furtherance of the scheme.  "Interstate or foreign wire communications" include telephone or fax communications from one state to another or between the United States and a foreign country, such as Canada.  The term also includes a wire transfer of funds between financial institutions.

It is not necessary that the government prove that the materials transmitted by mail or by wire were themselves false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that the use of the mails or of wire communications facilities in interstate or foreign commerce was closely related to the scheme and was part of an attempt to execute or carry out the scheme.

To "cause" an interstate or foreign telephone call or fax to be made is to do an act with knowledge that a mailing or interstate or foreign telephone call or fax will follow in the ordinary course of business or where such a call or fax can reasonably be foreseen.


Committee on Pattern Criminal Jury Instructions,  Pattern Jury Instructions: First Circuit, Criminal Cases §§4.12, 4.13 (Mail Fraud) (Wire Fraud) (1998) [Modified to reflect holding of Neder v. United States, 527 U.S. 1, 25 (1999)].

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

<u>False Statement to Accountant – Defined</u>

The government has charged the defendant with committing the offense of False

Statements by a Corporate Officer to an Accountant for a Publicly Traded Company. It is

unlawful to engage in this conduct. The relevant statute is 15 U.S.C. §§78m(b)(5), which

provides:

> No person shall knowingly circumvent or knowingly fail to implement a system
> of internal accounting controls or knowingly falsify any book, record, or account
> [required to be maintained by issuers of securities].

The implementing regulations under this section include Rule 13b2-2, which provides in

pertinent part:

> (a) No director or officer of an issuer shall, directly or indirectly:
>
> (1) Make or cause to be made a materially false or misleading statement to an
> accountant in connection with; or
>
> (2) Omit to state, or cause another person to omit to state, any material fact
> necessary in order to make statements made, in light of the circumstances under
> which such statements were made, not misleading, to an accountant in connection
> with:
>
> > (i) Any audit, review or examination of the financial statements of
> > the issuer required to be made pursuant to this subpart; or
> >
> > (ii) The preparation or filing of any document or report required to
> > be filed with the Commission pursuant to this subpart or otherwise.

The elements of this offense are:

1.    That the defendant was an officer or director of a company that issues stock to the

public;

2.    That the defendant willfully made or caused to be made a material false statement

to an accountant, or omitted to state or caused another person to omit to state, a

17

material fact necessary in order to make statements made, in light of the

circumstances under which such statements were made, not misleading, to an

accountant;

3.    That such statements or omissions were made in connection with:

(i) Any audit, review or examination of the financial statements of

the public company; or

(ii) The preparation or filing of any document or report required to

be filed by the public company with the Securities and Exchange

Commission.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

False Statement to Accountant – False Statement/Material Omission

The word "false" means contrary to the truth. As used in the law, the word "false" generally means more than an innocent mistake or a simple error of fact. A statement or representation is "false" if it was untrue when made and was then known to be untrue by the person who made it (or caused it to be made) or if it was made (or caused to be made) with reckless indifference as to its truth or falsity.

The term "willfully" means that the defendant knowingly made a false statement (or omitted to state a material fact) deliberately and intentionally as contrasted with accidentally, carelessly, or unintentionally.

To satisfy its burden of proof that a statement or omission was "material," the government is not required to show that the statement or omission in fact influenced or deceived the accountant. Rather, a statement or omission is "material" if it has a natural tendency to influence *or* if it is capable of influencing a decision or action of an accountant.

Adapted From Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, 1A Fed. Jury Prac. & Instr. §16.06; §16.11, §17.05, (5th ed.).

19

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

<u>Perjury – Defined</u>

The government has charged the defendant with committing the offense of Perjury.  The

relevant statute is 18 U.S.C. §1621, which provides in pertinent part:

> Whoever–
> (1) having taken an oath before a competent tribunal, officer, or person, in any
> case in which a law of the United States authorizes an oath to be administered,
> that he will testify, declare, depose, or certify truly, or that any written testimony,
> declaration, deposition, or certificate by him subscribed, is true, willfully and
> contrary to such oath states or subscribes any material matter which he does not
> believe to be true . . .   [shall be an offense].

The elements of the perjury offense that the government must prove beyond a reasonable

doubt are as follows:

(1)     that the defendant gave testimony under oath;

(2)     that the defendant's testimony was as described in the indictment;

(3)     that this testimony was false;

(4)     that the defendant knew his testimony was false;

(5)     that the defendant gave this testimony willfully and contrary to his oath; and

(6)     that the false testimony was material; and

(7)     that the defendant testified under an oath administered by a qualified

person in a proceeding for which a law of the United States authorizes the

administration of an oath.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  2A <u>Federal Jury Practice and
Instructions</u>, §50.03 (5th ed. 2000).

20

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

<u>Perjury– Intent</u>

To testify "willfully and contrary to ... oath" means to voluntarily and deliberately give false testimony intending to avoid the known legal duty to testify truthfully.  A witness testifying under oath or affirmation commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  2A <u>Federal Jury Practice and Instructions</u>, §50.04 (5th ed. 2000); <u>United States v. Dunnigan</u>, 507 U.S. 87, 94 (1993).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

<u>Intent and Motive</u>

Intent and motive should never be confused.  Motive is what prompts a person to act, or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized motives for much of human conduct.  These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime.  So, the motive of the accused is immaterial except insofar as evidence of motive may aid in your determination of the intent of the defendant.

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee,  <u>Federal Jury Practice and Instructions,</u> §17.06 (5th ed. 2000).