**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 7, 2005

Richard M. Egbert, Esq.
Patricia A. DeJuneas, Esq.
99 Summer Street
Boston, MA 02110

Re:    United States v. Bruce Gordon Hill, Crim. No. 03-10344-DPW

Dear Attorneys Egbert and DeJuneas:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Bruce Gordon Hill ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.    Penalties

Defendant has been convicted of Perjury, in violation of 18 U.S.C. §1621, as charged in count 9 of the Second Superseding Indictment.

Defendant faces the following maximum penalties:

5 years imprisonment
$250,000 fine
3 years supervised release (class D felony)
$100 special assessment

2.  Sentencing Guidelines

a.  The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

b.  The parties agree jointly to take the following positions with respect to the calculation of the United States Sentencing Guidelines:

(i)   This case is governed by the version of the United States Sentencing Guidelines effective Nov. 1, 2000.

(ii)  The applicable guideline is U.S.S.G. §2J1.3 (Perjury), for which the base offense level is 12. The Specific Offense Characteristics in U.S.S.G. §2J1.3(b) do not apply in this case.

(iii) Because the offense involved perjury in respect to a criminal offense, and because the application of U.S.S.G. §2X3.1 (Accessory After the Fact), yields an offense level greater than 12, the Court must apply U.S.S.G. §2X3.1.

(iv)  In applying U.S.S.G. §2X3.1 the following are pertinent provisions of the guidelines with respect to the underlying offense:

*§2F1.1(a): Base offense level* .............................. 6

*§2F1.1(b)(1)(C): Adjustment for loss (>$20,000,000, <$40,000,000)* ........................................ 16

*§2F1.1(b)(2)(A): More than minimal planning/more than one victim* ................................................ 2

*§3B1.3: Abuse of position of trust, use of special skill* ......... 2

                                                                                                                                                       26

(v)   Pursuant to U.S.S.G. §2X3.1 the base offense level is 6 levels lower than the offense level for the underlying offense ....... 20

3.  **Sentence Recommendation**

The United States Attorney and Defendant agree that each may take such positions as they deem appropriate with respect to sentencing in this case.

The parties reserve the right to take such positions as they may deem appropriate with respect to any arguments for departures or deviations from the Sentencing Guidelines.

Without limiting the arguments he may present, Defendant expressly reserves the right to present arguments to the effect that: the agreed upon loss calculation with respect to the underlying offense overstates the seriousness of his offense; that the agreed upon loss calculation does not reflect the fact that there were multiple causes for the loss; that the agreed upon loss calculation does not reflect actual losses to individual investors; and that there were multiple causes for the loss.

4.  Disclosure of Sentencing Materials

Defendant agrees that he will provide to the U.S. Attorney all expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than seven days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least seven days before sentencing shall be deemed waived.

In the event Defendant contends that there is a basis for departure or deviation from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney his and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

5.  Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his conviction and sentence on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his conviction should be set aside in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: Defendant's conviction and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial motions or any other pretrial dispositions of motions and issues.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

6.  Dismissal of Outstanding Counts

In consideration for Defendant's obligations as set forth in paragraphs 2-5 of this Agreement, the U.S. Attorney agrees that, upon imposition of sentence herein, the U.S. Attorney will dismiss counts 1,3,4,6 and 8 against Defendant.

7.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.

Whether or not the sentencing judge follows the parties' joint calculation of the sentencing guidelines or the sentencing recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct as specified in paragraph one of this Agreement.

9. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

10. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss counts 1,3,4,6 and 8.

11. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter, in the proffer letter dated February 11, 2004, and in the Tolling Agreements dated November 5, 2003, December 5, 2003 and January 8, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated February 11, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

> Very truly yours,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> By: *[signature]*
> DIANE C. FRENIERE, Chief
> White Collar Crime Section
>
> PAUL G. LEVENSON
> Assistant U.S. Attorney
>
> SANDRA J. BAILEY
> Special Assistant U.S. Attorney

## ACKNOWLEDGMENT OF AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I am entering into this Agreement freely, voluntarily, and knowingly because I believe this Agreement is in my best interest.

Date: November 7, 2005      *[signature]*
BRUCE GORDON HILL, Defendant

I certify that Bruce Gordon Hill has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Date: 11/7/05      *[signature]*
RICHARD M. EGBERT, ESQ.
Attorney for Bruce Gordon Hill

6