AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| **BRUCE GORDON HILL** | Case Number: 1: 03 CR 10344 - 002 - DPW |
| | USM Number: 25218-038 |
| | Richard M. Egbert, Esq. |
| | Defendant's Attorney |

☑ Additional documents attached
Transcript Excerpt of Sentencing Hearing

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  9ss on 6/6/05
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:   Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 1621 | Perjury | 11/09/00 | 9ss |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1,3,4,6,8,9,1s,3s,4s,6s,8s   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

01/24/06
Date of Imposition of Judgment

*/s/ Douglas P. Woodlock*
Signature of Judge

The Honorable Douglas P. Woodlock
Judge, U.S. District Court
Name and Title of Judge

January 26, 2006
Date

≈AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT: **BRUCE GORDON HILL**
CASE NUMBER: 1: 03 CR 10344  - 002 - DPW

Judgment — Page  2  of  10

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    1 year    and 1 day(s)

☐ The court makes the following recommendations to the Bureau of Prisons:

DEFENDANT SHOULD BE DESIGNATED TO FMI DEVENS OR SOME OTHER FACILITY AS CLOSE TO HIS FAMILY AS POSSIBLE

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on  02/24/06 .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: **BRUCE GORDON HILL**
CASE NUMBER: **1: 03 CR 10344 - 002 - DPW**

Judgment—Page **3** of **10**

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **2** year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **BRUCE GORDON HILL**
CASE NUMBER: **1: 03 CR 10344   - 002 - DPW**

Judgment—Page __4__ of __10__

## ADDITIONAL ☐ SUPERVISED RELEASE ☐ PROBATION TERMS

### Continuation of Conditions of ☑ Supervised Release ☐ Probation

SO LONG AS HIS FINANCIAL OBLIGATIONS UNDER THIS JUDGMENT ARE OUTSTANDING, DEFENDANT IS PROHIBITED FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER

DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION. FINANCIAL INFORMATION PROVIDED TO THE PROBATION OFFICE BY THE DEFENDANT MAY BE SHARED WITH THE FINANCIAL LITIGATION UNIT OF THE US ATTORNEY'S OFFICE

DEFENDANT SHALL PERFORM 400 HOURS PER YEARS OF COMMUNITY SERVICE AS DIRECTED BY THE PROBATION OFFICER AT SOME PROGRAM OR AGENCY THAT WOULD BENEFIT FROM HIS SKILLS.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
                 Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **BRUCE GORDON HILL**
CASE NUMBER: **1: 03 CR 10344 - 002 - DPW**

Judgment — Page **5** of **10**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ $100.00 | $ $75,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

☐ See Continuation Page

| **TOTALS** | $ $0.00 | $ $0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **BRUCE GORDON HILL**                                   Judgment — Page __6__ of __10__
CASE NUMBER: **1: 03 CR 10344 - 002 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $100.00 AND FINE OF $75,000 IMMEDIATELY

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                                                    ☐ See Continuation Page

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 06/05) Criminal Judgment
         Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **BRUCE GORDON HILL**  Judgment — Page 7 of 10
CASE NUMBER: **1: 03 CR 10344 - 002 - DPW**
DISTRICT: **MASSACHUSETTS**

## STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

   1   ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

   2   ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3   ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4   ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case
   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 20
Criminal History Category: 1
Imprisonment Range: 33 to 41 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 7,500 to $ 75,000
☐ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **BRUCE GORDON HILL** | Judgment — Page 8 of 10 |
| CASE NUMBER: **1: 03 CR 10344 - 002 - DPW** | |
| DISTRICT: **MASSACHUSETTS** | |

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☑   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1  Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2  Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3  Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4  Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5  Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6  Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7  Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8  Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9  Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10  Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) | |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

AO 245B ( 05-MA)  (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

| | |
|---|---|
| DEFENDANT: **BRUCE GORDON HILL** | Judgment — Page 9 of 10 |
| CASE NUMBER: **1: 03 CR 10344 - 002 - DPW** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

    **A**    **The sentence imposed is** (Check only one.):
          ☑ below the advisory guideline range
          ☐ above the advisory guideline range

    **B**    **Sentence imposed pursuant to** (Check all that apply.):

          **1**    **Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
              ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
              ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

          **2**    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
              ☐ government motion for a sentence outside of the advisory guideline system
              ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
              ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

          **3**    **Other**
              ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

    **C**    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

          ☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
          ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
          ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
          ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
          ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
          ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
          ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

    **D**    **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

        AS REFLECTED IN THE ORAL STATEMENTS OF REASONS SET FORTH IN THE TRANSCRIPT OF THE SENTENCING HEARING TO BE MADE A PART HEREOF.

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: | **BRUCE GORDON HILL** |
| CASE NUMBER: | **1: 03 CR 10344 - 002 - DPW** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page 10 of 10

# STATEMENT OF REASONS

**VII COURT DETERMINATIONS OF RESTITUTION**

A ☑ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

   1  ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2  ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3  ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4  ☐ Restitution is not ordered for other reasons. (Explain.)

D  ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | | | |
|---|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | Date of Imposition of Judgment | 01/24/06 |
| Defendant's Date of Birth: | 00/00/1963 | *[signature]* | |
| Defendant's Residence Address: | Belmont, MA | Signature of Judge | |
| | | The Honorable Douglas P. Woodlock  Judge, U.S. District Court | |
| Defendant's Mailing Address: | Belmont, MA | Name and Title of Judge | |
| | | Date Signed  January 26, 2006 | |

```
1           CR-03-10344-DPW

2        US v BRUCE HILL, 1-24-05 - SENTENCING

3

4           THE COURT:  Well, as the colloquy has indicated, I
5    find this a very difficult case because, as I characterized it
6    to Mr. Levenson, it does seem to me to be a matter of serious
7    and extended -- but closed end -- criminal conduct involving a
8    particular transaction.
9           I think the parties in their agreement recognize
10   the kind of near infinite elasticity of the calculation of what
11   loss is under these circumstances.  There is an illusion of
12   mathematical certainty that the Guidelines perpetuate to some
13   degree in this area.  But on balance, I think the loss figure
14   more or less captures as a base line of what was involved
15   here.  And of course, we deal with a jury verdict beyond a
16   reasonable doubt that a member of the Bar has committed
17   perjury.  But things are never so simple, I think.  I am
18   intensely concerned, as my colloquy with Mr. Egbert indicated,
19   about the importance in a democratic society of not appearing
20   to provide special benefits to those who are already
21   benefited.  I read very carefully the letters that were
22   submitted in connection with Mr. Hill's sentencing memoranda
23   and I credit all of them.  That is to say, Mr. Hill is a good
24   man.  His grandmother, or mother, I should say, wanted me to
25   understand that he worked for his money.  He did.  That wasn't
```

1  bestowed on him and it was hard work doing what I think was
2  productive activity. I'm particularly touched by the impact on
3  his family, his boys. Those are very difficult issues and
4  especially over the period of time trying to prepare them for
5  what may be a very difficult consequence. So, I put it against
6  this background of someone who has made a very big mistake.
7  But it wasn't a mistake of  kind of being in an automobile
8  accident and running away, and the next day saying "I better go
9  to the cops." There were these important events from the
10  creation of the purchase order in October to the negotiation of
11  this confection of a transaction in December to the versability
12  of the explanations to a variety of inquirers, including the
13  SEC under oath. So, it was not simply an indiscretion, but
14  something that happened with a degree of consciousness that
15  merits criminal sanction.
16         The Guidelines provide this mechanism for us to
17  calibrate what the responsibility is and they are no longer
18  mandatory. They are advisory. And I thought long and hard
19  about the Guidelines in this setting as well. There is a
20  famous criticism of a Supreme Court Justice who was not highly
21  regarded during the mid-20th century. It was said of him that
22  he used precedent the way a drunk uses a lamp post, not so much
23  for illumination as for something to hold onto. And that, it
24  seems to me, is a danger of the Guidelines in an advisory
25  setting. But they do illuminate in the sense of saying and

1  telling us that for this kind of crime with this kind of money
2  involved associated with perjury, there is a certain ferocity
3  in the perception of what just desserts are.  But I do think
4  that the ferocity is mistaken under these circumstances.  The
5  Guidelines, as Mr. Egbert, I think, properly pointed out, have
6  now been eclipsed by Section 3553 which has always outlined
7  what the factors to be considered in imposing a sentence are.
8  But because of the comprehensiveness of the Guidelines and the
9  minimum mandatories, they were little looked at and rarely
10 considered.
11         But it's important for me to outline briefly under
12 3553 why it is that I impose the sentence that I do.
13         The first thing to consider is the nature and
14 circumstances of the offense and the history and
15 characteristics of the defendant.  Well, in the Guideline
16 regime that was the matrix, the Y axis of criminal history and
17 the X axis of offense level, but it is more nuanced than that.
18 The nature and circumstances of the offense, I view as someone
19 being weak at a time when they should have been strong as a
20 lawyer.  And it doesn't take very much projection to understand
21 that there but for the grace of God go an awful lot of lawyers
22 in corporate settings who relish the opportunity to do business
23 work, are good at it, and recognize that most employers don't
24 really much care for advice of restraint.  Nevertheless, it's
25 called for at times and it was called for here.

```
 1            I then look at the characteristics of the
 2   defendant.  And there, I can't find a blemish but for this set
 3   of events.  What is presented is a life much more compelling
 4   than what is captured in the criminal history category.  It is
 5   one thing to say somebody has never been convicted of a
 6   felony.  It's another thing to say that someone like Mr. Hill
 7   has, as I said before -- and no one disagrees, I think -- been
 8   a wonderful father and wonderful husband and wonderful member
 9   of a family, wonderful member of a community, and contributed
10   both to his profession and to a business that was vital and had
11   opportunities, but was corrupted at various points and one of
12   those points was this transaction in which he was involved.
13            I'm supposed to consider the need for the sentence
14   imposed.  And here, the most difficult part of it, to some
15   degree for me, is the first element, to reflect the seriousness
16   of the offense, to promote respect for the law, and to provide
17   just punishment for the offense.  There is a Victorian high
18   court judge who I've become interested in studying.  His name
19   was Sir James Fitzjames Stephen and he had written a history of
20   the criminal law of England.  He once observed that someone
21   said, "well, if you can impose a one shilling crime and deter
22   murder, isn't that sufficient?"  And he said, "it would be
23   intolerable to impose simply a one shilling fine for the crime
24   of murder."  There is something that says society has a right
25   to stamp criminality with a serious sanction that extends
```

beyond the question of deterrence, general or specific, although general is comprehended by that. And it's necessary to promote respect for the law. Because if we have a system of sentences -- and we do -- that requires some sort of reflection of seriousness, then it has to be calculated in a way that reflects the seriousness in hierarchy of the offense.

I said that this next issue of promoting deterrence is tied into it. That is to say, what does one say to 35-year-old general counsel with extraordinary educational background and clear business acumen when they are put in the same position that Mr. Hill was put in? Do you say, "well, we simply ignore it"? I don't think so. Do you say, "well, we just make a modest consequence." I don't think you can say that. Do you make it a ferocious consequence in light of these other factors? I don't think that either. So, it has to afford adequate deterrence. That is to say, to other people similarly situated, "Here is a consequence if you are in the same position Mr. Hill is in." Do I have to protect the public from further crimes of this defendant? Of course not. I think that Mr. Egbert is correct when he refers to the experience that we've had, which has not been kind under the gun. Mr. Hill for the past five years or so, a little more, has kept plugging, trying to do things the right way, trying to take care of his family, trying to make first Inso work, and then work in his own business, and help out with the community in

```
 1    little ways, but effective ones like doing the shoveling for
 2    the neighbor down the street.  That's not someone we have to
 3    protect from society, so it's not a factor for me.
 4              There is a consideration of needed educational,
 5    vocational training, medical care, or correctional treatment.
 6    I don't see that as relevant here, except in one way, which is
 7    that it is important, I think, for people who have had the
 8    advantages that Mr. Hill has had to be exposed to those who
 9    have not had those advantages.  That is part of the
10    correctional process.  Some of the very best criticism of the
11    correction process has come from various white-collar
12    defendants, including Judges, who have found themselves
13    sentenced to a prison sentence and have come to speak about it
14    and tell us things that we need to know about the way in which
15    we might modify our corrections system.
16              I have come to the conclusion, after some
17    considerable thought and taking into consideration obviously
18    this discussion, that this has to be an incarcerative
19    sentence.  It will be one year and a day.  The implications of
20    that are understood by the lawyers, but basically that means
21    the availability of good time for the defendant.  I will, of
22    course, make a recommendation that he be sentenced to a
23    facility near his family here.  I am concerned about the effect
24    upon his children, in particular, but I sense there is strength
25    in this family that will overcome this and will make it
```

```
 1  possible for them to process that.  I will impose a fine of
 2  $75,000.  This is a money case.  And there is not the
 3  circumstance in which the defendant doesn't have the
 4  wherewithal to pay that fine.  It's due immediately.  I must
 5  impose a special assessment of one hundred dollars which I do.
 6  I will impose a minimum Guideline range of supervised release,
 7  which is two years.  Do I think that supervised release is a
 8  necessity here in the sense of reintegrating defendant into
 9  society?  No, I don't think that.  But I do think it provides
10  an opportunity for an alternative way of reflecting the
11  sanction because I want to make as a condition of supervised
12  release a period of 400 hours per year of service as directed
13  by the Probation Office to some entity or aspect of the
14  community that would benefit from the defendant's skills and
15  his empathy and compassion, but to bring home over a period of
16  two years that a crime was committed and part of the price of
17  the crime is the duty to pay back.  Because I have made the
18  fine and mandatory special assessment due and payable
19  immediately, as a condition of supervised release, I will
20  prohibit the defendant from incurring any new credit charges or
21  opening additional lines of credit without the approval of the
22  Probation Office while any of the financial obligations remain
23  outstanding.  And he will be obligated to provide the Probation
24  Officer with access to any financial information which he
25  should understand may be shared with the United States
```

```
 1    Attorney's Office.  I will waive the requirement of drug
 2    testing.  That seems to me not appropriate here because the
 3    defendant poses such a minimal risk of any future substance
 4    abuse.  In addition to the standard conditions of supervised
 5    release, the defendant is prohibited from possessing a firearm
 6    or other dangerous weapon.  He is obligated not to commit
 7    another federal, state, or local crime and may not illegally
 8    possess a controlled substance.  He is obligated to provide to
 9    the Probation Office a DNA sample as requested here and he's
10    required to report to the Probation Office within 72 hours of
11    release from custody of the Bureau of Prisons.  I will, as I
12    anticipate, make an order for self-surrender here and require
13    self-surrender to be made by February 24th to the facility
14    designated by the Bureau of Prisons.
15              I believe I have covered all the issues that need
16    to be covered.  Anything else?
17              PROBATION OFFICER:  No.
18              THE COURT:  You should understand, notwithstanding
19    the agreement that you have with the Government which we
20    discussed, that you may have a right of appeal, Mr. Hill, and
21    you will want to think about whether or not to exercise that
22    right.  Is there anything else, Mr. Egbert?
23              MR. EGBERT:  Your Honor, on your recommendation to
24    the Bureau of Prisons, could you name Fort Devens?
25              THE COURT:  I'll identify Fort Devens as a place.
```

1   But whether that recommendation will be followed in light of
2   the kind of pressures that there are there --
3           MR. EGBERT: I recognize that.
4           THE COURT: And, of course, they will make an
5   assessment about the security and so on. Obviously, Mr. Hill
6   seems to be the lowest level security risk here.
7           Is there anything further that we need to take up?
8           MR. EGBERT: No, Your Honor. Thank you.
9           THE COURT: Thank you very much. We'll be in
10  recess.
11                      RECESSED AT 4:10 P.M.
12
13
14
15
16
17
18
19
20
21
22
23
24
25