UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>BRUCE GORDON HILL,<br><br>Defendant. | ) <br>) CRIMINAL NO. 03-10344-DPW<br>)<br>)<br>)<br>)<br>)<br>) |

UNITED STATES' OPPOSITION TO MOTION TO STAY EXECUTION OF SENTENCE

The United States, by its undersigned counsel, opposes defendant Hill's motion for stay of execution of sentence and for recommendation to halfway house.

The Court sentenced defendant Bruce Hill to a term of one year and one day in prison. In imposing that sentence, the Court noted that Hill's criminal conduct was deliberate and protracted and that it warranted a prison sentence. It is the recollection of undersigned counsel that the Court expressly acknowledged that while it would recommend that the Bureau of Prisons place Mr. Hill at FMC Devens, the ultimate placement decision would fall to the Bureau of Prisons.

The United States Attorney had no role in determining Mr. Hill's place of incarceration and is not in a position to comment on Mr. Hill's representations regarding the nature and operation of his designated facility. As a general matter, however, the United States notes that the FMC Devens facility functions as primarily as a medical facility, with a small "camp" attached. FMC Devens is not set up to serve as a special haven for white-collar criminals from Massachusetts.

From the body of defendant's motion, it appears that newspaper articles were attached as exhibits. Undersigned counsel has not seen these attachments and is not familiar with the particulars of the program to which defendant Hill has been assigned. As a matter of common

sense, however, it seems reasonable that, in selecting prisoners to work at a detention facility, the Bureau of Prisons would choose individuals – such as Mr. Hill – who lack a history of violence and who otherwise pose minimal threat of engaging in criminal conduct while incarcerated.

There is no indication that the Bureau of Prisons has assigned Mr. Hill to an unduly high security classification. Rather, the BOP has assigned him to a work detail. Mr. Hill simply objects to the fact that, in that capacity, he will have contact with a broad range of prisoners and detainees (latter group being, presumably, legally innocent).

The short of it is, the Bureau of Prisons necessarily exercises discretion in determining the place of incarceration. That Mr. Hill has not received the designation he would prefer does not provide any grounds for vacating or re-writing his sentence. As for the proposed "recommendation" of a half-way house facility, this would not accord with the Court's original sentence and would likely conflict with Bureau of Prisons' policy with respect to the use of halfway-house designations.

There is no occasion to stay Mr. Hill's sentence or to modify this Court's recommendation.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

dated: February 21, 2006

                        By: /s/ Paul G. Levenson
                           PAUL G. LEVENSON
                           Assistant U.S. Attorney
                           John Joseph Moakley United States Courthouse
                           1 Courthouse Way, Suite 9200
                           Boston, MA 02210
                           (617) 748-3147
                           SANDY BAILEY
                           SCOTT POMFRET
                           Special Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  February 21, 2006          /s/ Paul G. Levenson
                                      PAUL G. LEVENSON